J-S43001-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT LYNN TORRES | |
| Appellant | No. 167 WDA 2017 |

Appeal from the PCRA Order entered December 23, 2016
In the Court of Common Pleas of Beaver County
Criminal Division at No: CP-04-CR-0002219-2007

BEFORE:  STABILE, DUBOW, and NICHOLS, JJ.

MEMORANDUM BY STABILE, J.:                FILED  OCTOBER 31, 2018

Appellant, Robert Lynn Torres, appeals from the December 23, 2016 order entered in the Court of Common Pleas of Beaver County, dismissing his petition for collateral relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§9541-9546.  His attorney also seeks to withdraw as counsel. For the reasons that follow, we deny counsel's request to withdraw and we affirm the order dismissing Appellant's PCRA petition.

In its Rule 907 notice of intent to dismiss Appellant's petition, the PCRA court explained that Appellant entered a guilty plea on April 7, 2008 to theft by unlawful taking.  He was sentenced on September 10, 2008 to five years' probation, consecutive to sentences imposed in unrelated cases.  On January 27, 2014, Appellant stipulated to a violation of his probation and agreed to a sentence of 21 to 48 months in a state correctional institution, with credit for

time served totaling 235 days. More than two years later, on April 29, 2016, Appellant filed a "Motion for Credit for Time Served." On September 26, 2016, appointed counsel filed a PCRA petition on behalf of Appellant, incorporating Appellant's motion and noting amendments to that motion were not necessary. Rule 907 Notice, 10/11/16, at 1-2.[1]

In its Rule 907 Notice, the PCRA court recognized that "[a] challenge to the trial court's failure to award credit for time spent in custody prior to sentencing involves the legality of sentence and is cognizable under the PCRA." Id. at 2 (quoting Commonwealth v. Fowler, 930 A.2d 586, 595 (Pa. Super. 2007)). The court explained that Appellant's judgment of sentence was final on February 26, 2014, thirty days after imposition of his agreed-upon sentence. Because Appellant did not file post-sentence motions or a direct appeal, he had until February 26, 2015 to file a timely PCRA petition. Id. (citing 42 Pa.C.S.A. § 9545(b)). Appellant did not file his petition until April 29, 2016. Therefore, the petition was untimely, depriving the PCRA court of jurisdiction over Appellant's claims. Id. at 2-3 (citing, inter alia, Commonwealth v. Fahy, 737 A.2d 214, 223 (Pa. 1999) (while legality of sentence is always subject to review under the PCRA, claims must first satisfy the PCRA's timeliness requirements or an exception thereto)).

_____

[1] The PCRA court titled its Rule 907 notice of intent to dismiss a "Preliminary Order and Notice of Court." To avoid confusion, we refer to it as the court's "Rule 907 Notice."

By order of December 23, 2016, the PCRA court dismissed Appellant's petition for the reasons set forth in the Rule 907 Notice. Appellant filed a timely pro se notice of appeal and a statement of matters complained of on appeal in accordance with Pa.R.A.P. 1925(b). On February 10, 2017, the PCRA court issued its Rule 1925(a) opinion, reiterating that Appellant's petition was untimely, depriving the court of jurisdiction to consider his requested relief. The court further noted that Appellant's petition lacked merit in any event because Appellant's incarceration was unrelated to the present case. Rule 1925(a) Opinion, 2/13/17 at 1-2.

On February 22, 2017, Appellant filed a pro se application for relief with this Court, styled "Application for Relief: Request That Appellant Be Released Forthwith, Entitled 'Response to Rule 1925 Opinion.'" In an order of the same date, recognizing the lower court docket indicated Appellant was represented by William M. Braslawsce, Esquire, this Court directed the prothonotary to enter counsel's appearance in this Court and forward Appellant's application for relief to him.

The March 15, 2017 briefing schedule issued by this Court advised Attorney Braslawsce, inter alia, that Appellant's brief would be due on April 24, 2017 and that the trial court opinion must be appended to the brief. On May 24, 2017, because Attorney Braslawsce had "failed to file a brief on behalf of appellant despite being so ordered," we remanded to the PCRA court "for a determination as to whether counsel has abandoned appellant and to take

further action as required to protect appellant's rights." Order 5/24/17, at 1. The order instructed the PCRA court to notify this Court in writing within thirty days of all findings and actions taken. Id.

On June 28, 2017, Attorney Braslawsce filed a "Supplement to [Appellant's] Application for Relief: Request that Appellant Be Released Forthwith, Entitled 'Response to Rule 1925 Opinion.'" In recognition of this Court's appointment of counsel to represent Appellant and directive "to review and amend [Appellant's] Pro Se Motion if necessary," Attorney Braslawsce explained that he had reviewed Appellant's motion and determined "it appears as though the issues have been addressed and it does not need to be amended." Therefore, "Counsel herby (sic) incorporates [Appellant's] Pro Se Motion for Relief and attaches the same herein (Exhibit "A")." Supplement, 6/28/17, at 1-2.

By order dated June 28, 2017 and entered June 30, 2017, this Court denied Appellant's application for relief and advised that Appellant "may argue all preserved issues in his appellate brief." Order, 6/30/17, at 1. The order advised that a briefing schedule would be set once the certified record was returned to this Court, "as the record was remanded on May 24, 2017, to determine whether counsel had abandoned Appellant as counsel failed to file a brief in this Court." Id.

The certified record was returned to this Court on June 29, 2017 and included an order from the PCRA court dated June 28, 2017. The order

- 4 -

explained that the court held a conference on June 13, 2017 to determine

Attorney Braslawsce's status in the case.

> At said conference, Attorney William Braslawsce advised the court that he believed that he had filed a brief and that his apparent failure to do so was likely the result of a clerical oversight. Attorney Braslawsce further advised that he would see that a brief was filed and provide a copy to this court. A copy of what was provided to this court is attached hereto. Therefore, it is hereby ordered that Attorney Braslawsce shall continue as counsel of record, to represent the Appellant in the subject appeal and that Attorney Braslawsce shall file a brief with the Superior Court of Pennsylvania forthwith.

PCRA Court Order, 6/28/17, at 1 (some capitalization omitted). The "brief"

attached to the order was the same "Supplement to Appellant's Application

for Relief" filed with this Court by Attorney Braslawsce on June 28, 2017.

This Court set a new briefing schedule with August 8, 2017 as the

deadline for Appellant to file his brief. By order of September 8, 2017, in light

of Attorney Braslawsce's failure to file a brief as ordered, we again remanded

to the PCRA court to determine whether counsel had abandoned Appellant.

On September 27, 2017, the PCRA court advised:

> On September 26, 2017 the court held a conference to determine counsel's status in the case. At said conference, Attorney William Braslawsce advised the court that he had filed a brief with the Superior Court and presented proof of mailing the same. Attorney Braslawsce further provided a courtesy copy of the brief to this court, which is attached hereto.
>
> Therefore, it is hereby ordered that Attorney Braslawsce shall continue as counsel of record, to represent the Appellant in the subject appeal and that Attorney Braslawsce [shall] ensure that the brief is properly filed and docketed with the Superior Court of Pennsylvania.

- 5 -

PCRA Court Order, 9/27/17, at 1 (some capitalization omitted).

On October 17, 2017, Attorney Braslawsce filed a brief on behalf of Appellant accompanied by a certificate of service dated October 16, 2017, reflecting service on Appellant, on the District Attorney's Office, and on the PCRA court. The brief, which Attorney Braslawsce suggests is an Anders brief,[2] is the same brief attached to the PCRA court's September 27, 2017 order, except that the certificate of service accompanying that document reflects a September 26, 2017 date of service, and a copy of the PCRA court's September 27, 2017 order is attached as an exhibit.[3]

_____

[2] Anders v. California, 386 U.S. 738 (1967). Counsel correctly suggests that Anders is implicated in attempts by counsel to withdraw in a case on direct appeal. However, the instant appeal involves an appeal from dismissal of a PCRA petition. Regardless, as this Court recognized in Commonwealth v. Widgins, 29 A.3d 816 (Pa. Super. 2011):

> Counsel filed a brief pursuant to Anders[,] apparently in the mistaken belief that an Anders brief is required where counsel seeks to withdraw on appeal from the denial of PCRA relief. A Turner/Finley no-merit letter, however, is the appropriate filing. See Commonwealth v. Turner, 518 Pa. 491, 544 A.2d 927 (Pa. 1988); Commonwealth v. Finley, 379 Pa. Super. 390, 550 A.2d 213 (Pa. Super. 1988) (en banc). Because an Anders brief provides greater protection to a defendant, this Court may accept an Anders brief in lieu of a Turner/Finley letter. Commonwealth v. Fusselman, [] 866 A.2d 1109, 1111 n.3 (Pa. Super. 2004).

Id. at 817 n.2.

[3] While we will not dwell on the deficiencies in the form of Appellant's brief, we do note that the brief does not include the order appealed from, a summary of argument, a statement of errors complained of, or a copy of the PCRA

By order of November 6, 2017, this Court recognized that Attorney Braslawsce was seeking to withdraw on the basis of frivolity and had filed a Turner/Finley brief. However, because Attorney Braslawsce failed to file a petition to withdraw and failed to file with this Court the notice of rights letter required to be provided to Appellant, we directed counsel to file both the petition to withdraw and the required notice of rights letter within ten days of the order. Order, 11/6/17, at 1-2.

By letter of December 6, 2017, Attorney Braslawsce provided this Court a copy of his September 16, 2017 letter addressed to Appellant, indicating that counsel was enclosing a copy of his Anders brief and petition to withdraw, and advising Appellant of his right to retain counsel or proceed pro se to raise any points he deems worthy of bringing to this Court's attention "in addition to the points [he] raised in the Anders brief." Letter, 9/26/17, at 1.

By order of May 7, 2018, this Court acknowledged receipt of Attorney Braslawsce's December 6, 2017 correspondence, which made reference his September 26, 2017 letter to Appellant, but noted that counsel had not yet complied with the November 6, 2017 order directing him to file a petition to

_____

court's Rule 1925(a) opinion, in violation of Pa.R.A.P. 2111(a)(2), (a)(6), (a)(11), (a)(10), and (b), respectively. In addition, the cover of the brief does not include any reference to the date of the order appealed from, as required by Pa.R.A.P. 2172(a)(5).

withdraw contemporaneously with a Turner/Finley brief. The order detailed the directives to Attorney Braslawsce that required,

> in summary, [that] counsel is to comply with the proper procedure as set forth by case law in fourteen (14) days from the date of this Order by filing with this Court a petition to withdraw as counsel and serving a copy of the petition to withdraw as counsel, with a new notice of rights letter, and re-serve a copy of the "no merit" Brief for Appellant upon [Appellant], and file proof of such service with this Court.

Order, 5/7/18, at 2 (citations omitted).

On May 14, 2018, Attorney Braslawsce filed a petition to withdraw, the text of which stated in its entirety, "For the reasons set forth in the accompanying Anders brief, it is respectfully requested that this Court permit counsel's withdrawal." Petition to Withdraw as Counsel, 5/14/18, at 1. The accompanying certificate reflects service on Appellant. Attorney Braslawsce did not file any additional documentation with this Court to reflect that he served either a new notice of rights letter or the "no-merit" brief on Appellant.

In his brief, Appellant presents one issue for our consideration:

I. Whether there are any issues of arguable merit that could be raised on direct appeal presently before this Court?

Appellant's Brief at 6.

Before we consider Appellant's issue, we must first consider counsel's request to withdraw. See Commonwealth v. Rojas, 874 A.2d 638, 639 (Pa. Super. 2005) ("When faced with a purported Anders brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw.").

- 8 -

The Turner/Finley procedure requires a "no-merit" letter by PCRA counsel detailing the nature and extent of his review, listing each issue the petitioner wished to have reviewed and explaining why each issue was meritless. The PCRA court must then conduct its own independent review of the record and agree with counsel that the petition was meritless. Widgins, 29 A.3d at 818 (additional citations omitted).

Counsel's petition and no-merit letter do not comply with the requirements set forth above. Counsel has not detailed the nature and extent of his review, simply referring to his "thorough review of the record," and then making reference to two letters. His no-merit letter is silent as to any issues Appellant wished to have reviewed or why such issues were meritless. Further, and perhaps most importantly, Attorney Braslawsce failed to comply with this Court's orders. In particular, Attorney Braslawsce failed to comply with our most recent order dated May 7, 2018 that spelled out in detail, with citations to case law, the instructions counsel was to follow. Therefore, we deny counsel's request to withdraw.

Rather than remand (again), we shall move on to the issue presented in Appellant's brief. However, we must first determine whether this Court has jurisdiction to consider the merits of Appellant's claim. As noted above, Appellant's judgment of sentence was final on February 26, 2014. Because he did not file post-sentence motions or a direct appeal, he had until February 26, 2015 to file a timely PCRA petition. See 42 Pa.C.S.A. § 9545(b). His

petition was filed on April 29, 2016, more than a year after the deadline. He neither asserted nor proved any exception to the PCRA's time bar. Therefore, this Court, as the PCRA court below, lacks jurisdiction over any claims Appellant has asserted. See *Fahy*, *supra* (while legality of sentence is always subject to review under the PCRA, claims must first satisfy the PCRA's timeliness requirements or an exception thereto).

Counsel's petition to withdraw denied. Order dismissing Appellant's PCRA petition affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/31/2018